IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES KENNETH TEGELER                                                                          PLAINTIFF

VS.                                     3:08CV00163 SWW/JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright. The parties may file specific objections to these findings and recommendations and, if they chose to do so, must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The United States District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, James Kenneth Tegeler, has appealed the final decision of the Commissioner of the Social Security Administration denying his claim for Disability Insurance Benefits ("DIB"). Both parties have submitted Appeal Briefs (docket entries #7 and #8), and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion,[1]

---

[1] *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

"substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

In his Disability Report (Tr. 119) and Request for Hearing (Tr. 44), Plaintiff stated that he was disabled based on a seizure disorder uncontrolled by medication. (Tr. 44).

On November 19, 2007, the Administrative Law Judge ("ALJ") conducted an administrative hearing at which Plaintiff and a vocational expert ("VE") testified. In his February 20, 2008 decision, the ALJ concluded that Plaintiff had not been under a disability, within the meaning of the Social Security Act, at any time through the date of his decision. (Tr. 16).

On August 8, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making it the final decision of the Commissioner. (Tr. 2-4). Plaintiff then filed his Complaint initiating this appeal. (Docket entry #1).

Plaintiff was 57 years old at the time of the administrative hearing. (Tr. 284, 288). In his Disability Report he checked a box indicating that he had completed four or more years of college. (Tr. 125). He had past relevant work as an executive director. (Tr. 12, 15, 120, 288).

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i) (2007). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.* at § 404.1520(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. *Id.* at § 404.1520(a)(4)(ii). If not, benefits are denied. *Id.* A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id.* at § 404.1520(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. *Id.*, § 404.1520(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.*, § 404.1520(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.*, § 404.1520(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, § 404.1520(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since October 1, 2005[2] (Tr. 12); (2) had a "severe" impairment consisting of a seizure disorder (*id.*); (3) did not have an impairment or combination of impairments that met or equaled a Listing (Tr. 13); (4) was not fully credible in his subjective complaints (Tr. 13-14); (5) retained the residual functional capacity ("RFC") for a full range of work as long as seizure precautions were observed (Tr. 14-15); (6) was unable to perform his past relevant work (Tr. 15); but (7) was able to perform other jobs which existed in significant numbers in the national economy, *e.g.*, positions such as a general office clerk and hospital cleaner. *Id.* Thus, the ALJ concluded that Plaintiff was not disabled.[3] *Id.*

Plaintiff argues that the ALJ erred by asking the VE an incomplete hypothetical question.

---

[2]Plaintiff originally alleged an onset of August 1, 1998. (Tr. 62). He testified that he worked until October 1, 2005, (Tr. 289), and that he became disabled in October of 2005. (Tr. 292).

[3]In reaching his decision, the ALJ utilized the testimony of a vocational expert, who responded to the ALJ's hypothetical questions. *Id.* The ALJ correctly noted in his decision that, once Plaintiff was determined to be unable to perform his past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform, given his RFC, age, education and past work. *Id.*

In the alternative, Plaintiff contends that the case should be remanded pursuant to sentence six of 42 U.S.C. § 405(g).

According to Plaintiff, the ALJ's hypothetical question to the VE was inadequate because it did not include significant post-seizure symptoms described by Plaintiff during the administrative hearing. (Plf's App. Brf. 12-14). Plaintiff's attorney was present at the administrative hearing,[4] (Tr. 284-310), and he had the opportunity to request that the ALJ restate the hypothetical question or to cross-examine the vocational expert himself. He chose to do neither. (Tr. 309). Such a failure to raise an issue at the administrative level ordinarily bars a party from raising it in judicial proceedings. *Weikert v. Sullivan*, 977 F.2d 1249, 1254 (8th Cir. 1992); *accord*, *Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999).

Importantly, to support this argument, Plaintiff cites only his testimony, and does not point to any medical evidence which supports Plaintiff suffering from significant post-seizure symptoms. (Plf's App. Brf. 13-14). There appears to be only one occasion during the relevant time period[5] when Plaintiff received medical treatment after suffering a seizure.[6] (Tr. 129-44). According to the medical note dated April 19, 2007, Plaintiff was awake and alert in the emergency room. (Tr. 131). An examination revealed he was neurologically and psychologically normal. (Tr. 136). Laboratory results showed his Dilantin level was 4.0,[7] well below the therapeutic level.[8]

On June 30, three months before his alleged onset date, Plaintiff was seen at Northeast

---

[4] Plaintiff had a different attorney at the hearing than the attorney who represents him on this appeal.

[5] The relevant time period is from his alleged onset, October 1, 2005 (Tr. 12, 292), through February 20, 2008, the date of the ALJ's decision (Tr. 16).

[6] The transcript page numbers for individual exhibits are not included on the List of Exhibits. (Tr. 1). The Commissioner's usual practice is to include page numbers for each exhibit. That practice is helpful to the Court and, no doubt, to the attorneys. For that reason, it should be followed in all transcripts.

[7] Dilantin is a brand name of phenytoin sodium, an antiepileptic drug. *Physicians' Desk Reference* 2622 (56th ed. 2002). Clinically effective serum blood level is usually 10-20 mcg/ml. *Id.* 2623.

[8] Laboratory results often showed his Dilantin below therapeutic levels. (Tr. 149, 162, 171, 181, 201, 230, 247). Some of these cited results are duplicates. There are a number of exhibits that appear in more than one place in the transcript. (Tr. 166, 217; 181, 201; 171, 208; 175, 207; 155, 218; 176, 203).

Arkansas Clinic. (Tr. 155-56). He stated he had "blank-out episodes" once or twice a year. (Tr. 156). In contrast to his current argument that he suffered from significant post-seizure symptoms, he reported:

> No memory loss, loss of vision, double vision, dizziness, ringing in the ears, or change in speech. No swallowing difficulties, weakness, numbness, trouble walking, neck pain, or back pain. No personality changes, nervousness, irritability, or depression.

*Id.*

Thus, the Court concludes that the AlJ's hypothetical question to the VE was proper. Substantial evidence supported the inclusion of certain impairments and the exclusion of others. *See Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993) (hypothetical may omit evidence not substantially supported by record as a whole); *Rappoport v. Sullivan*, 942 F.2d 1320, 1323 (8th Cir. 1991) (hypothetical question need only include impairments accepted by ALJ as true).

Alternatively, Plaintiff argues that he is entitled to a "sentence six" remand for the consideration of additional evidence. In pertinent part, sentence six of 42 U.S.C. § 405(g) states the following:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; . . . .

The evidence which plaintiff seeks to have considered consists of three documents: (1) a five-page Order dated November 6, 2008, granting a motion to dismiss an appeal by the "Office of Personnel Management [OPM] to the Merit Systems Protections Board," based on the fact that OPM had decided to grant Plaintiff's application for disability retirement; (2) a three-page letter dated December 23, 2008, from OPM to Plaintiff informing him that his application for disability retirement had been approved; and (3) a three-page report of a neuropsych consultative examination performed by Dan Johnson, Ph.D., on April 14, 2008.

The Court concludes that the neither the Order nor the letter are material. In order to be

material, new evidence must be non-cumulative, relevant and probative of the claimant's condition for the time period for which benefits were denied, and there must be some reasonable likelihood that it would have changed the Commissioner's determination. *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997); *Woolf v. Shalala*, 3 F.3d 1210, 1215 (8th Cir. 1993). These two administrative documents offer no discussion of any medical or vocational issues relevant to whether Plaintiff is disabled, under the Social Security Act, and entitled to receive DIB.

The statute that sets out the eligibility for federal disability retirement benefits reads, in pertinent part, as follows:

> An employee who completes 5 years of civilian service and has become disabled shall be retired on the employee's own application or on application by the employee's agency. Any employee shall be considered to be disabled only if the employee is found by the Office of Personnel Management to be unable, because of disease or injury, to render useful and efficient service in the employee's position and is not qualified for reassignment, under procedures prescribed by the Office, to a vacant position which is in the agency at the same grade or level and in which the employee would be able to render useful and efficient service. . . . .

5 U.S.C. § 8337(a). Thus, the federal disability retirement criteria are significantly different from Social Security disability criteria, and involve factors such as the employee's particular job, his grade level and the availability of alternate positions within the same agency at the same grade or level. *Compare* 42 U.S.C. § 423(d)(1)(A).

The neuropsych consultative examination was conducted on April 14, 2008. That was well after the administrative hearing but almost four months *before* the Appeals Council's decision. Plaintiff offers no explanation of why he failed to submit that document to the Appeals Council.[9] In *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991), the Court held that evidence which did not exist at the time of the hearing may supply "good cause" for failure to introduce that evidence at that time. *See also Geigle v. Sullivan*, 961 F.2d 1395, 1397 (8th Cir. 1992). In contrast, in *Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir. 1993), the Court held that the claimant had failed to

---

[9]Where relevant evidence becomes available to a claimant, after an administrative hearing, but *before* action by the Appeals Council, a claimant's failure to introduce that evidence to the Appeals Council precludes a claimant from establishing the good cause necessary for a remand based on that evidence. *See Turner v. Sullivan*, 1992 WL 415379, Unempl.Ins.Rep. (CCH) ¶ 16957a (D. Minn. 1992), and cases cited therein.

establish "good cause" because he had an opportunity to consult additional psychiatrists before the administrative record closed, but did not do so.  This is not a case like *Thomas*, where the claimant had a heart attack after the administrative hearing.  It is more like *Smith*, where the claimant had the opportunity to consult additional physicians before the administrative record closed, but did not do so.

Thus, the Court concludes that Plaintiff has failed to establish good cause for not providing the neuropsych consultative examination to the Appeals Council.  Furthermore, there is nothing in the record to suggest why Plaintiff could not have obtained this evaluation before the administrative record was closed by the ALJ.  *See Mouser v. Astrue*, 545 F.3d 634, 637 (8th Cir. 2008); *Hepp v. Astrue*, 511 F.3d 798, 808 (8th Cir. 2008); *Hinchey v. Shalala*, 29 F.3d 428, 433 (8th Cir. 1994); *Sullins v. Shalala*, 25 F.3d 601, 605 n.6 (8th Cir. 1994), *cert. denied*, 513 U.S. 1076 (1995).  Thus, Plaintiff has failed to establish the requisite good cause necessary to support a sentence six remand under 42 U.S.C. § 405(g).

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996), *superceded by statute on other grounds*; *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).  The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.  The Court concludes that the record as a whole contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also, Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Court further concludes that the ALJ's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that Plaintiff's request for remand be denied and the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed, with prejudice.

DATED this 5th day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE